STEVEN G. ELLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket No. 5744-81
United States Tax Court
T.C. Memo 1982-693; 1982 Tax Ct. Memo LEXIS 58; 45 T.C.M. (CCH) 229; T.C.M. (RIA) 82693; November 29, 1982. Steven G. Ellis, pro se. Miles D. Friedman, for the respondent. FEATHERSTON
MEMORANDUM OF FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $1,526. The issues for decision are (1) Whether petitioner is entitled to claimed travel expense deductions; (2) whether petitioner is entitled *59 to an energy credit; (3) whether petitioner is entitled to an employee business expense deduction for tools; (4) whether petitioner is entitled to dependency exemptions for two individuals; and (5) whether petitioner is entitled to a medical expense deduction claimed. Employee Business Expense - Tools
Petitioner claimed as a deduction on his 1978 return $526 expended during the tax year for miscellaneous tools required in his trade as a millwright. Respondent disallowed the deduction in its entirety due to lack of substantiation. At trial, petitioner contended that he was entitled to a deduction of $804, based upon receipts which were admitted into evidence. We find that petitioner purchased precision tools during 1975 costing $804, and that these tools were used by petitioner in his trade. However, petitioner's testimony establishes that the tools had a useful life substantially beyond the tax year 1978. Accordingly, the amount expended for the tools would normally not qualify for deduction in the year of purchase, but would have to be recovered through depreciation deductions over the life of the items.Nevertheless, respondent conceded at trial petitioner's entitlement *60 to a current deduction for this item in the amount of $526. Accordingly, we conclude that petitioner is entitled to the deduction claimed on his return for this item. Employee Business Expenses
Petitioner claimed $3,458 on his 1978 return with respect to automobile expenses. Respondent disallowed the deduction in full. Petitioner submitted at trial no contemporaneous records maintained during the year to substantiate the mileage claimed and the business nature of the travel involved. However, petitioner's testimony and some reports prepared for trial indicate that a substantial portion of the claimed deduction involves petitioner's transportation between his home and various job sites in the Los Angeles metropolitan area. These expenses are clearly nondeductible commuting expenses. See . While expenses of traveling from one job to another during the daytime are deductible, see , petitioner had the burden of proving that he did incur such expenses and, if so, the amount. Rule 142. [1] Petitioner clearly failed in his burden of proving that he had deductible *61 travel expenses. Dependency Exemptions
Petitioner claimed dependency exemptions on his 1978 return for two children of Vickie Leach. Ms. Leach and her two children lived in the same household with petitioner during the tax year 1978. She was employed throughout the year, and spent most of her salary for the support of her two children. She also claimed the two children as dependency exemptions on her 1978 return. In order to be entitled to the exemptions claimed, petitioner had the burden of proving that he provided over one-half of the support for the two children. Section 152(a)(1). [2] Petitioner totally failed to present any credible evidence that he met this requirement. Accordingly, this issue must be decided for the respondent. Residential Energy Credit
Petitioner claimed an energy credit in the amount of $300 on his 1978 return with respect to the installation of insulation in his home. Respondent disallowed the credit in full due *62 to lack of substantiation. The evidence submitted at trial establishes that insulation costing $2,000 was installed in petitioner's home and that the insulation qualifies for the energy credit provided by section 44C. However, the evidence also shows that the loan taken out to finance the purchase of the insulation was obtained jointly by petitioner and Ms. Leach. Further, the warranty certificate issued for the insulation designates the "owner" as petitioner and Vickie Leach.Petitioner is entitled to a credit only with respect to the amount of the purchase price for qualified insulation he paid. Here, the evidence clearly establishes that one-half of the price was paid by Ms. Leach and one-half by petitioner. Accordingly, petitioner should be allowed credit at 15 percent of $1,000 or $150. Medical Expenses and Sales Taxes
Respondent's adjustment for these items in the notice of deficiency is purely mechanical because of the effect of other adjustments on petitioner's gross income and the number of qualified dependents. Accordingly, these items will be resolved by the Rule 155 computation. Decision will be entered under Rule 155.
Footnotes
1. All Rule referneces are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩